IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEVIN D. DIXON,

    Petitioner,

v.

DAVID GRAY, WARDEN,
BELMONT CORRECTIONAL INST.,

    Respondent.

CASE NO. 2:19-CV-2415
JUDGE MICHAEL H. WATSON
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Petition, Respondent's Return of Writ, Petitioner's Traverse, and the exhibits of the parties. For the reasons that follow, the undersigned **RECOMMENDS** that this action be **DISMISSED.**

### I. Facts and Procedural History

Petitioner challenges his convictions pursuant to his guilty plea in the Franklin County Court of Common Pleas on kidnapping and domestic violence. The Ohio Tenth District Court of Appeals summarized the facts and procedural history of the case:

> {¶ 2} On June 7, 2017, a Franklin County Grand Jury indicted Dixon on kidnapping, a felony of the first degree in violation of R.C. 2905.01; abduction, a felony of the third degree in violation of R.C. 2905.02, and domestic violence, a felony of the third degree in violation of R.C. 2919.25. Dixon initially entered a not guilty plea. On October 24, 2017, he withdrew his not guilty plea and entered a guilty plea to the stipulated lesser-included offense of kidnapping, a second-degree felony, and domestic violence. The trial court accepted his guilty plea, found him guilty, entered a nolle prosequi on the abduction count, and delayed sentencing for the preparation of a presentence investigation report.
>
> {¶ 3} At the sentencing hearing, the trial court remarked a couple of times on Dixon's conduct during the proceeding. Then, as the trial court was preparing to announce the prison sentence, the court stopped and instructed Dixon to stop

looking at the victim. When he attempted to justify his behavior, the trial court found that Dixon was an "obstreperous defendant" and ordered his removal from the courtroom. The trial court proceeded with the sentencing hearing in Dixon's absence and imposed an 8-year prison term for kidnapping and a 36-month prison term for domestic violence. The sentences were ordered to be served consecutively for a total of 11 years.

{¶ 4} Dixon appealed, asserting the following assignments of error:

[I.] The trial court erred when it imposed consecutive sentences upon the defendant without making the required findings required by R.C. 2929.14(C)(4) and mandated by the Ohio Supreme Court in *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, and further erred when it imposed consecutive sentences that were disproportionate to the seriousness of the offender's conduct.

[II.] The trial court erred when it ordered the defendant to be removed from the courtroom during his sentencing and by sentencing the defendant in absentia when the defendant had not engaged in any disruptive conduct and had not been first warned that he could be removed for disruptive conduct.

*State v. Dixon*, 10th Dist. No. 17AP-884, 2018 WL 4444982, at *1 (Ohio Ct. App. Sept. 18, 2018). On September 18, 2018, the state appellate court affirmed the judgment of the trial court. *Id.* On April 3, 2019, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Dixon*, 155 Ohio St.3d 1412 (Ohio 2019).

On June 13, 2019, Petitioner filed this *pro se* habeas corpus petition. He asserts, as his sole ground for relief, that he was denied his right to be present during his sentencing hearing in violation of the Confrontation Clause. It is the position of the Respondent that this claim is procedurally defaulted and without merit.

## II. Procedural Default

Congress has provided that state prisoners who are in custody in violation of the Constitution or laws or treaties of the United States may apply to the federal courts for a writ of habeas corpus. 28 U.S.C. § 2254(a). In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction

2

between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the state courts for consideration. 28 U.S.C. § 2254(b), (c). If the prisoner fails to do so, but still has an avenue open to present the claims, then the petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam) (citing *Picard v. Connor*, 404 U.S. 270, 275–78 (1971)). Where a petitioner has failed to exhaust claims but would find those claims barred if later presented to the state courts, "there is a procedural default for purposes of federal habeas." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

The term "procedural default" has come to describe the situation where a person convicted of a crime in a state court fails (for whatever reason) to present a particular claim to the highest court of the State so that the State has a fair chance to correct any errors made in the course of the trial or the appeal before a federal court intervenes in the state criminal process. This "requires the petitioner to present 'the same claim under the same theory' to the state courts before raising it on federal habeas review." *Hicks v. Straub*, 377 F.3d 538, 552–53 (6th Cir. 2004) (quoting *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987)). One of the aspects of "fairly presenting" a claim to the state courts is that a habeas petitioner must do so in a way that gives the state courts a fair opportunity to rule on the federal law claims being asserted. That means that if the claims are not presented to the state courts in the way in which state law requires, and the state courts therefore do not decide the claims on their merits, neither may a federal court do so. As the Supreme Court found in *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977), "contentions of federal law which were not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure" also cannot be resolved on their merits in a federal habeas case—that is, they are "procedurally defaulted."

3

To determine whether procedural default bars a habeas petitioner's claim, courts in the Sixth Circuit engage in a four-part test. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *see also Scuba v. Brigano*, 259 F. App'x 713, 718 (6th Cir. 2007) (following the four-part analysis of *Maupin*). First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. Second, the court must determine whether the state courts actually enforced the state procedural sanction. Third, the court must determine whether the forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Maupin*, 785 F.2d at 138. Finally, if "the court determines that a state procedural rule was not complied with and that the rule [has] an adequate and independent state ground, then the petitioner" may still obtain review of his or her claims on the merits if the petitioner establishes: (1) cause sufficient to excuse the default and (2) that he or she was actually prejudiced by the alleged constitutional error. *Id*.

Turning to the fourth part of the *Maupin* analysis, in order to establish cause, petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Constitutionally ineffective counsel may constitute cause to excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). In order to constitute cause, an ineffective assistance of counsel claim generally must "'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" *Edwards*, 529 U.S. at 452 (quoting *Murray v. Carrier*, 477 U.S. 478, 479 (1986)). That is because, before counsel's ineffectiveness will constitute cause, "that ineffectiveness must itself amount to a violation of the Sixth Amendment, and therefore must be both exhausted and not procedurally defaulted."

*Burroughs v. Makowski*, 411 F.3d 665, 668 (6th Cir. 2005). Or, if procedurally defaulted, a petitioner must be able to "satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself." *Edwards v. Carpenter*, 529 U.S. 446, 450–51 (2000). The Supreme Court explained the importance of this requirement:

> We recognized the inseparability of the exhaustion rule and the procedural-default doctrine in *Coleman*: "In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases." 501 U.S., at 732, 111 S.Ct. 2546, 115 L.Ed.2d 640. We again considered the interplay between exhaustion and procedural default last Term in *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), concluding that the latter doctrine was necessary to " 'protect the integrity' of the federal exhaustion rule." Id., at 848, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (quoting id., at 853, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (STEVENS, J., dissenting)). The purposes of the exhaustion requirement, we said, would be utterly defeated if the prisoner were able to obtain federal habeas review simply by "'letting the time run'" so that state remedies were no longer available. *Id.*, at 848, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1. Those purposes would be no less frustrated were we to allow federal review to a prisoner who had presented his claim to the state court, but in such a manner that the state court could not, consistent with its own procedural rules, have entertained it. In such circumstances, though the prisoner would have "concededly exhausted his state remedies," it could hardly be said that, as comity and federalism require, the State had been given a "fair 'opportunity to pass upon [his claims].'" *Id.*, at 854, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (STEVENS, J., dissenting) (emphasis added) (quoting *Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 94 L.Ed. 761 (1950)).

*Edwards*, 529 U.S. at 452–53.

If, after considering all four factors of the *Maupin* test, the court concludes that a procedural default occurred, it must not consider the procedurally defaulted claim on the merits unless "review is needed to prevent a fundamental miscarriage of justice, such as when the petitioner submits new evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent." *Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013) (citing *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986)).

Petitioner asserts that the trial court unconstitutionally ejected him from the courtroom at sentencing. Notably, however, the appellate court reviewed this claim for plain error only, based on Petitioner's failure to object:

> Dixon has waived all but plain error as his counsel did not object when Dixon was removed from the courtroom. Crim.R. 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Plain error, however, does not exist unless it can be said that, but for the error, the outcome of the proceeding clearly would have been otherwise. *State v. Long*, 53 Ohio St.2d 91, 92 (1978). Notice of plain error should be taken only in exceptional circumstances and with extreme caution to avoid a manifest injustice. *Id*. at 94-95.

*State v. Dixon*, 2018 WL 4444982, at *4. Petitioner thereby has waived this claim for review in these proceedings. The United States Court of Appeals for the Sixth Circuit has held that Ohio's contemporaneous-objection rule constitutes an adequate and independent state ground to preclude federal habeas review. *Wogenstahl v. Mitchell*, 668 F.3d 307, 334-35 (6th Cir.) (citation omitted), *cert. denied sub nom. Wogenstahl v. Robinson*, 568 U.S. 902 (2012); *Awkal v. Mitchell*, 613 F.3d 629, 648-49 (6th Cir. 2010), *cert. denied*, 562 U.S. 1183 (2011). A state appellate court's plain error review does not constitute a waiver of the state's procedural default rules. *Keith v. Mitchell*, 455 F.3d 662, 673 (6th Cir. 2006), *cert. denied sub nom. Keith v. Houk*, 549 U.S. 1308 (2007).

Thus, Petitioner has waived his sole claim for relief. He may still secure review of his claim on the merits if he demonstrates cause for his failure to follow the state procedural rules, as well as actual prejudice from the constitutional violations that he alleges. "[P]etitioner has the burden of showing cause and prejudice to overcome a procedural default." *Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001) (citing *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999) (internal citation omitted)). A petitioner's *pro se* status, ignorance of the law, or ignorance of procedural requirements are insufficient bases to excuse a procedural default. *Bonilla v. Hurley*, 370 F.3d

6

494, 498 (6th Cir.), *cert. denied*, 543 U.S. 989 (2004). Instead, in order to establish cause, a petitioner "must present a substantial reason that is external to himself and cannot be fairly attributed to him." *Hartman v. Bagley*, 492 F.3d 347, 358 (6th Cir. 2007), *cert. denied sub nom. Hartman v. Bobby*, 554 U.S. 924 (2008). Petitioner has failed to establish cause for his procedural default.

### III. Disposition

For the reasons set forth above, it is **RECOMMENDED** that this action be **DISMISSED**.

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE