# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Kevin D. Dixon,

    Petitioner,

v.

David Gray, Warden,
Belmont Correctional Inst.,

    Respondent.

Case No. 2:19-cv-2415

Judge Michael H. Watson

Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

On September 20, 2019, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. ECF No. 12. Petitioner has objected to the R&R. ECF No. 13.

Petitioner objects to the Magistrate Judge's recommendation that his sole claim be dismissed as procedurally defaulted. Petitioner denies engaging in any disruptive conduct and complains that the trial judge failed to warn him that he could be removed prior to ordering Petitioner's removal from his sentencing hearing. He thus asserts that the trial court unconstitutionally denied him his right to be present. Petitioner argues that he has properly preserved this claim for review in these proceedings.

However, the record plainly indicates that Petitioner has waived this claim for review in these proceedings by failing to object. The state appellate court

therefore reviewed the claim for plain error only. "The Sixth Circuit has held that '[a] plain error analysis is not tantamount to a review on the merits,' meaning the state appellate court's review for plain error does not imply it overlooked Petitioner's procedural default, i.e. his failure to object at trial." *Rogers v. Westbrooks*, 2019 WL 1331035, at *92 (M.D. Tenn. March 25, 2019) (citing *Scott v. Mitchell*, 209 F.3d 854, 865 (6th Cir. 2000); *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006) (holding that plain error analysis is "viewed as a court's right to overlook procedural defects to prevent manifest injustice, but is not equivalent to a review of the merits"). Moreover, Petitioner has failed to establish cause for this procedural default.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For these reasons and for the reasons detailed in the R&R, Petitioner's Objection, ECF No. 13, is **OVERRULED**. The R&R, ECF No. 12, is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court now considers whether to issue a certificate of appealability. *See* 28 U.S.C. § 2255(d). When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in

a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

This Court is not persuaded that reasonable jurists would debate this Court's dismissal of Petitioner's claim as waived. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that the appeal would not be in good faith and that an application to proceed in forma pauperis on appeal should be **DENIED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**